**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jesus J. Trevizo, | No. CV-14-01794-TUC-RCC (BGM) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Charles L. Ryan, *et al.*, | |
| Respondents. | |

Currently pending before the Court is Petitioner Jesus J. Trevizo's *pro se* Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (Non-Death Penalty) (Doc. 1). Respondents have filed a Limited Answer to Petition for Writ of Habeas Corpus ("Answer") (Doc. 11). Petitioner never replied. The Petition is ripe for adjudication.

Pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure,[1] this matter was referred to Magistrate Judge Macdonald for Report and Recommendation. The Magistrate Judge recommends that the District Court deny the Petition (Doc. 1).

---

[1] Rules of Practice of the United States District Court for the District of Arizona.

## I.      FACTUAL AND PROCEDURAL BACKGROUND

### A.      *Initial Charge and Sentencing*

On April 28, 2011, Petitioner was charged via Information on five felony counts: 1) possession of a dangerous drug for sale; 2) possession of a dangerous drug; 3) possession of drug paraphernalia; and 4) two counts of misconduct involving weapons. Answer (Doc. 11), Information (Exh. "A") at 1–2.  Also contained in the Information were three (3) allegations of prior convictions including 1) attempted possession of a dangerous drug; 2) possession of a dangerous drug as a second drug offense; and 3) possession of marijuana for sale and possession of drug paraphernalia.  *Id.*, Exh. "A" at 2. Counsel was appointed to represent Petitioner.  *See* Answer (Doc. 11), Ariz. Superior Ct., Graham County, Case No. CR2011-0143, Guilty/No Contest Plea Proceeding (Exh. "C"—Guilty Plea) at 1.[2]

On August 29, 2011, pursuant to a plea agreement, Petitioner pleaded guilty to one count of attempted possession of a dangerous drug for sale, a class 3 nondangerous and nonrepetitive felony, in violation of A.R.S. §§ 13-1001, 13-3407(A)(2), 13-3401, 13-701, 13-702(C), and 13-801.  Answer (Doc. 11), Ariz. Superior Ct., Graham County, Case No. CR2011-0143, Plea Agreement (Exh. "C"—Plea Agreement) at 1.  Pursuant to the plea agreement, Petitioner also admitted to the prior convictions of possession of marijuana for sale, a class 4 felony, and possession of drug paraphernalia, a class 6 felony, in the

---

[2] Respondents reference the Order Regarding Counsel and Reimbursement 4/21/2011 as evidence of the appointment of counsel.  *See* Answer (Doc. 11), Exh. "B." This document, however, bears a different case number.  The document regarding the guilty/no contest plea proceeding, however, is signed by Petitioner and his counsel.

Superior Court of Graham County, State of Arizona, Case No. CR2006-194.   Answer (Doc. 11), Exh. "C"—Plea Agreement at 1.   Petitioner initialed each paragraph of the plea agreement and also signed it indicating that he understood the terms of the agreement, that he had discussed the case and constitutional rights with his lawyer, and understood the rights that he was giving up as a result of the plea agreement.   *See* Answer (Doc. 11), Exh. "C"—Plea Agreement; *see also* Answer (Doc. 11), Exh. "C"—Guilty Plea.   On the same date, Petitioner signed and received a Notice of Rights of Review After Conviction, which indicated that he had waived his right to appeal and advised him of the time by which he must file a Notice of Post-Conviction Relief.   Answer (Doc. 11), Ariz. Superior Ct., Graham County, Case No. CR2011-00143, Not. of Rights of Review After Conviction (Exh. "D") at 1–2.   The court reviewed the terms of Petitioner's Plea Agreement with him and Petitioner indicated that he was satisfied with the representation of his counsel.   Answer (Doc. 11), Ariz. Superior Ct., Graham County, Case No. CR2011-00143, Minute Entry 8/29/2011 (Exh. "E").

On October 3, 2011, Petitioner was sentenced to a presumptive term of six and one half (6.5) years of imprisonment, with credit for seventeen (17) days time served. Answer (Doc. 11), Ariz. Superior Ct., Graham County, Case No. CR2011-00143, Minute Entry 10/3/2011 (Exh. "F").   The court advised Petitioner regarding the right of review and again provided him with written notice of those rights.   *Id.*, Exh. "F."

### B.   *Post-Conviction Relief Proceeding*

On January 6, 2014, Petitioner filed his Notice of Post-Conviction Relief ("PCR"). Answer (Doc. 11), Not. of PCR 1/6/2014 (Exh. "G").   In his notice, Petitioner asserted

ineffective assistance of trial counsel, alleging that counsel failed to explain his right to Post-Conviction Relief. *See* Answer (Doc. 11), Exh. "G" at 3. Petitioner also alleged that the search warrant was served on the wrong address. *Id.*, Exh. "G" at 3.

On January 17, 2014, the Rule 32 court denied Petitioner's petition. *See* Answer (Doc. 11), Ariz. Superior Ct., Graham County, Order 1/17/2014 (Exh. "H"). The Rule 32 court noted that Petitioner was sentenced "consistent with his plea agreement[,] [and] advised of his rights of review under Rule 32 at that time." *Id.*, Exh. "H" at 1. The Rule 32 court further noted that the trial court reviewed Petitioner's rights of review under Rule 32, he acknowledged that he understood them, and he was provided a copy of those rights by his attorney prior to sentencing. *Id.*, Exh. "H" at 1. The Rule 32 court further noted that "[t]he issue of the address given by law enforcement was raised at the preliminary hearing." *Id.*, Exh. "H" at 1. The court dismissed Petitioner's Rule 32 petition for untimeliness, and noted Petitioner's failure to "provide[] the Court with a valid reason to excuse non-compliance with the time limits of Rule 32." *Id.*, Exh. "H" at 1 (citing *State v. Gause*, 112 Ariz. 296, 541 P.2d 396 (1975)). Petitioner did not appeal.

### C.     *The Instant Habeas Proceeding*

On February 18, 2014, Petitioner filed his Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (Non-Death Penalty) (Doc. 1). Petitioner claims four (4) grounds for relief. First, Petitioner argues that his Fourth Amendment rights were violated. Petition (Doc. 1) at 6. Petitioner asserts that the search warrant used contained a different address than the premises searched. *Id.* As such, Petitioner argues that the search and seizure were illegal. *Id.* Second, Petitioner alleges

that his Fifth Amendment Due Process rights were violated, because his counsel failed to request full discovery, failed to request an evidentiary hearing, and failed to seek dismissal based on the alleged illegal search and seizure. *Id.* at 7. Third, Petitioner alleges that he received ineffective assistance of counsel in violation of the Sixth Amendment. *Id*. at 8. Petitioner asserts that counsel failed to "aggressively represent Petitioner Jesus J. Trevizo in court proceedings[.]" Petition (Doc. 1) at 8. Fourth, Petitioner asserts that his Fourteenth Amendment rights of Due Process and Equal Protection were violated. *Id.* at 9. Petitioner alleges that counsel acted as "an instrument of the State" and mislead Petitioner regarding his constitutional rights. *Id.* On July 25, 2014, Respondents filed their Answer (Doc. 11). Petitioner did not reply.

## II.     STANDARD OF REVIEW

### A.     *In General*

The federal courts shall "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody *in violation of the Constitution or laws of treaties of the United States*." 28 U.S.C. § 2254(a) (emphasis added). Moreover, a petition for habeas corpus by a person in state custody:

> shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim – (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *see also Cullen v. Pinholster*, 563 U.S. 170, 181, 131 S.Ct. 1388, 1398, 179 L.Ed.2d 557 (2011).  Correcting errors of state law is not the province of federal habeas corpus relief.  *Estelle v. McGuire*, 502 U.S. 62, 67, 112 S.Ct. 475, 480, 116 L.Ed.2d 385 (1991).  Ultimately, "[t]he statute's design is to 'further the principles of comity, finality, and federalism.'"  *Panetti v. Quarterman*, 551 U.S. 930, 945, 127 S.Ct. 2842, 2854, 168 L.Ed.2d 662 (2007) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 337, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003)).  Furthermore, this standard is difficult to meet and highly deferential "for evaluating state-court rulings, [and] which demands that state-court decisions be given the benefit of the doubt."  *Pinholster*, 563 U.S. at 181, 131 S.Ct. at 1398 (citations and internal quotation marks omitted).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 110 Stat. 1214, mandates the standards for federal habeas review.  *See* 28 U.S.C. § 2254.  The "AEDPA erects a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court."  *Burt v. Titlow*, — U.S. —, 134 S.Ct. 10, 16, 187 L.Ed.2d 348 (2013).  Federal courts reviewing a petition for habeas corpus must "presume the correctness of state courts' factual findings unless applicants rebut this presumption with 'clear and convincing evidence.'"  *Schriro v. Landrigan*, 550 U.S. 465, 473–74, 127 S.Ct. 1933, 1940, 167 L.Ed.2d 836 (2007) (citing 28 U.S.C. § 2254(e)(1)).  Moreover, on habeas review, the federal courts must consider whether the state court's determination was unreasonable, not merely incorrect.  *Id.*, 550 U.S. at 473, 127 S.Ct. at 1939; *Gulbrandson v. Ryan*, 738 F.3d 976, 987 (9th Cir. 2013).  Such a determination is unreasonable where a state court properly identifies the governing legal principles

delineated by the Supreme Court, but when the court applies the principles to the facts before it, arrives at a different result.  *See Harrington v. Richter*, 562 U.S. 86, 131 S.Ct. 770, 178 L.Ed.2d 624 (2011); *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000); *see also Casey v. Moore*, 386 F.3d 896, 905 (9th Cir. 2004). "AEDPA requires 'a state prisoner [to] show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error . . . beyond any possibility for fairminded disagreement.'"  *Burt*, 134 S.Ct. at 10 (quoting *Harrington*, 562 U.S. at 103, 131 S.Ct. at 786–87) (alterations in original).

### B.    Exhaustion of State Remedies

Prior to application for a writ of habeas corpus, a person in state custody must exhaust all of the remedies available in the State courts.  28 U.S.C. § 2254(b)(1)(A).  This "provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court."  *Rose v. Lundy*, 455 U.S. 509, 520, 102 S.Ct. 1198, 1204, 71 L.Ed.2d 379 (1982).   As such, the exhaustion doctrine gives the State "the opportunity to pass upon and correct alleged violations of its prisoners' federal rights."  *Baldwin v. Reese*, 541 U.S. 27, 29, 124 S.Ct. 1347, 1349, 158 L.Ed. 2d 64 (2004) (internal quotations omitted).   Moreover, "[t]he exhaustion doctrine is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings."  *Rose*, 455 U.S. at 518, 102 S.Ct. at 1203 (internal citations omitted).  This upholds the doctrine of comity which "teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already

cognizant of the litigation, have had an opportunity to pass upon the matter." *Id.* (quoting *Darr v. Burford*, 339 U.S. 200, 204, 70 S.Ct. 587, 590, 94 L.Ed. 761 (1950)).

Section 2254(c) provides that claims "shall not be deemed . . . exhausted" so long as the applicant "has the right under the law of the State to raise, by any available procedure the question presented." 28 U.S.C. § 2254(c). "[O]nce the federal claim has been fairly presented to the state courts, the exhaustion requirement is satisfied." *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971). The fair presentation requirement mandates that a state prisoner must alert the state court "to the presence of a federal claim" in his petition, simply labeling a claim "federal" or expecting the state court to read beyond the four corners of the petition is insufficient. *Baldwin v. Reese*, 541 U.S. 27, 33, 124 S.Ct. 1347, 1351, 158 L.Ed.2d 64 (2004) (rejecting petitioner's assertion that his claim had been "fairly presented" because his brief in the state appeals court did not indicate that "he was complaining about a violation of federal law" and the justices having the opportunity to read a lower court decision addressing the federal claims was not fair presentation); *Hiivala v. Wood*, 195 F.3d 1098 (9th Cir. 1999) (holding that petitioner failed to exhaust federal due process issue in state court because petitioner presented claim in state court only on state grounds). Furthermore, in order to "fairly present" one's claims, the prisoner must do so "in each appropriate state court." *Baldwin*, 541 U.S. at 29, 124 S.Ct. at 1349. "Generally, a petitioner satisfies the exhaustion requirement if he properly pursues a claim (1) throughout the entire direct appellate process of the state, or (2) throughout one entire judicial postconviction process available in the state." *Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004) (quoting

Liebman & Hertz, *Federal Habeas Corpus Practice and Procedure*, § 23.3b (9th ed. 1998)).

In Arizona, however, for non-capital cases "review need not be sought before the Arizona Supreme Court in order to exhaust state remedies." *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999); *see also Crowell v. Knowles*, 483 F.Supp.2d 925 (D. Ariz. 2007); *Moreno v. Gonzalez*, 192 Ariz. 131, 962 P.2d 205 (1998). Additionally, the Supreme Court has further interpreted § 2254(c) to recognize that once the state courts have ruled upon a claim, it is not necessary for an applicant to seek collateral relief for the same issues already decided upon direct review. *Castille v. Peoples*, 489 U.S. 346, 350, 109 S.Ct. 1056, 1060, 103 L.Ed.2d 380 (1989).

## C.   Procedural Default

"A habeas petitioner who has defaulted his federal claims in state court meets the technical requirements for exhaustion; there are no state remedies any longer 'available' to him." *Coleman v. Thompson*, 501 U.S. 722, 732, 111 S.Ct. 2546, 2555, 115 L.Ed.2d 650 (1991). Moreover, federal courts "will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Id.*, 501 U.S. at 728, 111 S.Ct. at 2254. This is true whether the state law basis is substantive or procedural. *Id.* (citations omitted). Such claims are considered procedurally barred from review. *See Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977).

The Ninth Circuit Court of Appeals explained the difference between exhaustion and procedural default as follows:

> The exhaustion doctrine applies when the state court has never been presented with an opportunity to consider a petitioner's claims and that opportunity may still be available to the petitioner under state law. In contrast, the procedural default rule barring consideration of a federal claim applies only when a state court has been presented with the federal claim, but declined to reach the issue for procedural reasons, or if it is clear that the state court would hold the claim procedurally barred. *Franklin v. Johnson*, 290 F.3d 1223, 1230 (9th Cir. 2002) (internal quotation marks and citations omitted). Thus, in some circumstances, a petitioner's failure to exhaust a federal claim in state court may *cause* a procedural default. *See Sandgathe v. Maass*, 314 F.3d 371, 376 (9th Cir. 2002); *Beaty v. Stewart*, 303 F.3d 975, 987 (9th Cir. 2002) ("A claim is procedurally defaulted 'if the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'") (quoting *Coleman v. Thompson*, 501 U.S. 722, 735 n. 1, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991)).

*Cassett v. Stewart*, 406 F.3d 614, 621 n. 5 (9th Cir. 2005). Thus, a prisoner's habeas petition may be precluded from federal review due to procedural default in two ways. First, where the petitioner presented his claims to the state court, which denied relief based on independent and adequate state grounds. *Coleman*, 501 U.S. at 728, 111 S.Ct. at 2254. Federal courts are prohibited from review in such cases because they have "no power to review a state law determination that is sufficient to support the judgment, resolution of any independent federal ground for the decision could not affect the judgment and would therefore be advisory." *Id.* Second, where a "petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Id.* at 735 n.1, 111 S.Ct. at 2557 n.1 (citations omitted). Thus, the federal court "must consider whether the claim could be pursued by any *presently*

*available* state remedy." *Cassett*, 406 F.3d at 621 n.6 (quoting *Ortiz v. Stewart*, 149 F.3d 923, 931 (9th Cir. 1998)) (emphasis in original).

Where a habeas petitioner's claims have been procedurally defaulted, the federal courts are prohibited from subsequent review unless the petitioner can show cause and actual prejudice as a result. *Teague v. Lane*, 489 U.S. 288, 298, 109 S.Ct. 1060, 1068, 103 L.Ed.2d 334 (1989) (holding that failure to raise claims in state appellate proceeding barred federal habeas review unless petitioner demonstrated cause and prejudice); *see also Smith v. Murray*, 477 U.S. 527, 534, 106 S.Ct. 2661, 2666, 91 L.Ed.2d 434 (1986) (recognizing "that a federal habeas court must evaluate appellate defaults under the same standards that apply when a defendant fails to preserve a claim at trial."). "[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639, 2645, 91 L.Ed.2d 397 (1986); *see also Martinez-Villareal v. Lewis*, 80 F.3d 1301, 1305 (9th Cir. 1996) (petitioner failed to offer any cause "for procedurally defaulting his claims of ineffective assistance of counsel, [as such] there is no basis on which to address the merits of his claims."). In addition to cause, a habeas petitioner must show actual prejudice, meaning that he "must show not merely that the errors . . . created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Murray*, 477 U.S. at 494, 106 S.Ct. at 2648 (emphasis in original) (internal quotations omitted).

Without a showing of both cause and prejudice, a habeas petitioner cannot overcome the procedural default and gain review by the federal courts.  *Id.*, 106 S.Ct. at 2649.

The Supreme Court has recognized, however, that "the cause and prejudice standard will be met in those cases where review of a state prisoner's claim is necessary to correct 'a fundamental miscarriage of justice.'"  *Coleman v. Thompson*, 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991) (quoting *Engle v. Isaac*, 456 U.S. 107, 135, 102 S.Ct. 1558, 1572–73, 71 L.Ed.2d 783 (1982)).  "The fundamental miscarriage of justice exception is available 'only where the prisoner *supplements* his constitutional claim with a colorable showing of factual innocence.'"  *Herrara v. Collins*, 506 U.S. 390, 404, 113 S.Ct. 853, 862, 122 L.Ed.2d 203 (1993) (emphasis in original) (quoting *Kuhlmann v. Wilson*, 477 U.S. 436, 454, 106 S.Ct. 2616, 2627, 91 L.Ed.2d 364 (1986)).  Thus, "'actual innocence' is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits."  *Herrara*, 506 U.S. at 404, 113 S.Ct. at 862.  Further, in order to demonstrate a fundamental miscarriage of justice, a habeas petitioner must "establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found [him] guilty of the underlying offense."  28 U.S.C. § 2254(e)(2)(B).

In Arizona, a petitioner's claim may be procedurally defaulted where he has waived his right to present his claim to the state court "at trial, on appeal or in any previous collateral proceeding."  Ariz. R. Crim. P. 32.2(a)(3).  "If an asserted claim is of sufficient constitutional magnitude, the state must show that the defendant 'knowingly,

voluntarily and intelligently' waived the claim." *Id.*, 2002 cmt.  Neither Rule 32.2. nor the Arizona Supreme Court has defined claims of "sufficient constitutional magnitude" requiring personal knowledge before waiver.  *See id.*; *see also Stewart v. Smith*, 202 Ariz. 446, 46 P.3d 1067 (2002).  The Ninth Circuit Court of Appeals recognized that this assessment "often involves a fact-intensive inquiry" and the "Arizona state courts are better suited to make these determinations."  *Cassett*, 406 F.3d at 622.

## III.   STATUTE OF LIMITATIONS

### A.   *Timeliness*

As a threshold matter, the Court must consider whether Petitioner's petition is barred by the statute of limitation.  *See White v. Klizkie*, 281 F.3d 920, 921–22 (9th Cir. 2002).  The AEDPA mandates that a one-year statute of limitations applies to applications for a writ of habeas corpus by a person in state custody.  28 U.S.C. § 2244(d)(1).  Section 2244(d)(1) provides that the limitations period shall run from the latest of:

> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)   the date on which the impediment to filing an application created by the State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1); *Shannon v. Newland*, 410 F.3d 1083 (9th Cir. 2005).  "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  28 U.S.C. § 2244(d)(2).

The other subsections being inapplicable, Petitioner must have filed his habeas petition within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A); *see also McQuiggin v. Perkins*, – U.S. –, 133 S.Ct. 1924, 1929, 185 L.Ed.2d 1019 (2013).

In Arizona, "[b]y pleading guilty or no contest in a noncapital case, a defendant waives the right to have the appellate courts review the proceedings by way of direct appeal, and may seek review only by filing a petition for post-conviction relief pursuant to Rule 32 and, if denied, a petition for review."  Ariz. R. Crim. P. 17.1(e); *see also* A.R.S. § 13-4033(B) ("In noncapital cases a defendant may not appeal from a judgment or sentence that is entered pursuant to a plea agreement or an admission to a probation violation.").  "Any person who pled guilty . . . shall have the right to file a post-conviction relief proceeding, and this proceeding shall be known as a Rule 32 of-right proceeding."  Ariz. R. Crim. P. 32.1.  "Arizona courts have repeatedly characterized Rule 32 of-right proceedings as the functional equivalent of direct appeals, and have distinguished them from other Rule 32 proceedings."  *Summers v. Schriro*, 481 F.3d 710,

715–16 (9th Cir. 2007).  As such, the Ninth Circuit Court of Appeals has concluded "that Arizona's Rule 32 of-right proceeding for plea convicted defendants is a form of direct review within the meaning of 28 U.S.C. §2244(d)(1)(A)."  *Summers*, 481 F.3d at 716–17. "In a Rule 32 of-right proceeding, the notice must be filed within ninety days after the entry of judgment and sentence or within thirty days after the issuance of the final order or mandate by the appellate court in the petitioner's first petition for post-conviction relief proceeding."  Ariz. R. Crim. P. 32.4(a).

Petitioner was sentenced on October 3, 2011.  *See* Answer (Doc. 11), Exh. "F." Under Arizona rules, Petitioner had until January 3, 2012 to file his Notice of Post-Conviction Relief.[3]   Accordingly, pursuant to the AEDPA, Petitioner's one-year limitation period expired, absent tolling, on January 3, 2013.  *See Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999).  Petitioner filed his Petition (Doc. 1) on February 18, 2014. Therefore, absent tolling, the Petition (Doc. 1) is untimely.

**B.     *Statutory Tolling of the Limitations Period***

The limitations period is tolled during the time in "which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending[.]" 28 U.S.C. § 2244(d)(2); *Allen*, 552 U.S. at 4, 128 S.Ct. at 3.  An application for State post-conviction relief is "'properly filed' when its deliver and acceptance are in compliance with the applicable laws and rules governing

---

[3] Ninety (90) days expired on January 1, 2012; however, this day was a Sunday, and as such Monday, January 2, 2012 was a legal holiday.  Therefore, Petitioner's petition was due on "the next day which [was] not a Saturday, a Sunday, or a legal holiday."  Ariz. R. Civ. P. 6(a). In this case, that would be Tuesday, January 3, 2012.

filings." *Artuz v. Bennett*, 531 U.S. 4, 8, 121 S.Ct. 361, 364, 148 L.Ed.2d 213 (2000). Statutory tolling of the limitations period ends "[a]fter the State's highest court has issued its mandate or denied review, [because] no other state avenues for relief remain open." *Lawrence v. Florida*, 549 U.S. 327, 332, 127 S.Ct. 1079, 1083, 166 L.Ed.2d 924 (2007); *see also Hemmerle v. Schriro*, 495 F.3d 1069, 1077 (9th Cir. 2007) (collateral proceeding "determined" when the Arizona Supreme Court denied petition for review).

"[I]n Arizona, post-conviction 'proceedings begin with the filing of the Notice.'" *Hemmerle*, 495 F.3d at 1074 (quoting *Isley v. Arizona Dept. of Corrections*, 383 F.3d 1054 (9th Cir. 2004)). Petitioner filed his Notice of Post-Conviction Relief on January 6, 2014. Answer (Doc. 11), Exh. "G." This PCR notice was not "properly filed," and therefore did not toll AEDPA's one-year statute of limitations. *Pace v. DiGuglielmo*, 544 U.S. 408, 417, 125 S.Ct. 1807, 1814, 161 L.Ed.2d 669 (2005) (finding that a state court's rejection of a petition as untimely means that it was not "properly filed," and the petitioner is not entitled to statutory tolling under § 2244(d)(2)). Accordingly, without more, Petitioner's Petition (Doc. 1) is untimely.

### C.    *Equitable Tolling of the Limitations Period*

The Supreme Court of the United States has held "that § 2244(d) is subject to equitable tolling in appropriate cases." *Holland v. Florida*, – U.S. – , 130 S.Ct. 2549, 2560, 177 L.Ed.2d 130 (2010). The Ninth Circuit Court of Appeals "will permit equitable tolling of AEDPA's limitations period 'only if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time.'" *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999) (*quoting Calderon v. United States Dist.*

*Court (Kelly)*, 163 F.3d 530, 541 (9th Cir. 1998) (en banc), *cert. denied*, 526 U.S. 1060, 119 S.Ct. 1377, 143 L.Ed.2d 535 (1999) (citations omitted)).  Moreover, Petitioner "bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 1814, 161 L.Ed.2d 669 (2005); *see also Holland*, 130 S.Ct. at 2562 (quoting *Pace*).

Here, Petitioner has failed to meet his burden.  The record before this Court is devoid of any evidence to demonstrate that Petitioner is entitled to equitable tolling.  As such, Petitioner has failed to meet the "very high threshold" of establishing that extraordinary circumstances beyond his control made it impossible for him to timely file a habeas petition *and* that those extraordinary circumstances were the cause of his untimeliness.  *United States v. Battles*, 362 F.3d 1195, 1197 (9th Cir. 2004).   Therefore, Petitioner's habeas petition is untimely.

## III.    CONCLUSION

Based upon the foregoing, the Court finds that Petitioner's Petition (Doc. 1) is untimely and should be denied.

## IV.    RECOMMENDATION

For the reasons delineated above, the Magistrate Judge recommends that the District Judge enter an order DENYING Petitioner's Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (Non-Death Penalty) (Doc. 1);

Pursuant to 28 U.S.C. § 636(b) and Rule 72(b)(2), Federal Rules of Civil Procedure, any party may serve and file written objections within fourteen (14) days after being served with a copy of this Report and Recommendation.  A party may respond to another party's objections within fourteen (14) days after being served with a copy.  Fed. R. Civ. P. 72(b)(2).  No replies shall be filed unless leave is granted from the District Court.  If objections are filed, the parties should use the following case number:  **CV-14-1794-TUC-RCC**.

Failure to file timely objections to any factual or legal determination of the Magistrate Judge may result in waiver of the right of review.  The Clerk of the Court shall send a copy of this Report and Recommendation to all parties.

Dated this 21st day of December, 2016.

Honorable Bruce G. Macdonald
United States Magistrate Judge