# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jesus J Trevizo,<br><br>    Petitioner,<br><br>v.<br><br>Charles L Ryan, et al.,<br><br>    Respondents. | No. CV-14-01794-TUC-RCC<br><br>**ORDER** |

Pending before the Court is Petitioner Jesus J. Trevizo's *pro se* Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by A Person in State Custody (Doc. 1), Magistrate Judge Bruce G. Macdonald's Report and Recommendation ("R&R") (Doc. 13), Petitioner's objections to the R&R (Doc. 14) and Respondent's response (Doc. 15). For the foregoing reasons, the Court shall accept and adopt Magistrate Judge Macdonald's R&R and deny Trevizo's Petition.

**I.  Background**

The factual and procedural background in this case is thoroughly detailed in Magistrate Judge Macdonald's R&R. This Court fully incorporates by reference the Factual and Procedural Background sections of the R&R into this Order.

**II.  Discussion**

Where the parties object to an R & R, "[a] judge of the [district] court shall make a de novo determination of those portions of the [R & R] to which objection is made." 28 U.S.C. § 636(b)(1); *see Thomas v. Arn*, 474 U.S. 140, 149-50 (1985). When no objection

is filed, the district court need not review the R&R de novo. *Wang v. Masaitis*, 416 F.3d 992, 1000 n. 13 (9th Cir.2005); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121-22 (9th Cir. 2003) (en banc). The Court will not disturb a magistrate judge's order unless his factual findings are clearly erroneous or his legal conclusions are contrary to law. 28 U.S.C. § 636(b)(1)(A). "[T]he magistrate judge's decision . . . is entitled to great deference by the district court." *United States v. Abonce-Barrera*, 257 F.3d 959, 969 (9th Cir. 2001). A failure to raise an objection waives all objections to the magistrate judge's findings of fact. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998). A failure to object to a Magistrate Judge's conclusion "is a factor to be weighed in considering the propriety of finding waiver of an issue on appeal." *Id.* (internal citations omitted). Federal Rule of Civil Procedure 72(b)(2) requires "*specific* written objections to the proposed findings and recommendations." (emphasis added).

Here, Petitioner makes skeletal allegations that he: (1) was denied access to an attorney or legal material after he was convicted; (2) exhausted state remedies; (3) was not procedurally barred; and (4) suffered a Fourth Amendment violation because the warrant listed the wrong address. Petitioner's objections are ineffective general objections because he does not indicate when or how these allegations occurred. A general objection "has the same effect as would a failure to object." *Howard v. Sec'y of HHS*, 932 F.2d 505, 509 (6th Cir. 1991). Thus, Petitioner's objections are overruled. Furthermore, the Court adopts Magistrate Judge Macdonald's R&R because the factual findings are not clearly erroneous and his legal conclusions are not contrary to the law.

…
…
…
…
…
…
…

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Jesus J. Trevizo's *pro se* Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by A Person in State Custody is **denied.** Doc. 1.

**IT IS FURTHER ORDERED** that Magistrate Judge Bruce G. Macdonald's Report and Recommendation is **accepted and adopted.** Doc. 13.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to close this case.

Dated this 1st day of March, 2017.

_____
Raner C. Collins
Chief United States District Judge